IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**ANTHONY ROWAND,**
personally, and on behalf of all others
similarly situated,

        **Plaintiff,**

v.                            **CIVIL ACTION NO.: 1:24-cv-41**
                                    **(Honorable Thomas Kleeh)**

**CITY OF MORGANTOWN,**
**WEST VIRGINIA,**

        **Defendant.**

## JOINT MOTION FOR CERTIFICATION OF CLASS, PRELIMINARY & FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND NOTICE TO THE CLASS

COMES NOW Plaintiff Anthony Rowand, on behalf of a putative class of similarly situated individuals (Plaintiffs), by and through counsel Lesley M. Nash and Gary M. Smith, and the law firm of Mountain State Justice, and Defendant City of Morgantown, West Virginia (Defendant), by and through counsel, Keith C. Gamble, and the law firm of Pullin Fowler Flanagan Brown & Poe and jointly move this Court for class certification and preliminary and final approval of the negotiated settlement of this matter, as set forth in more detail below.

## BACKGROUND

Following reports from individuals who regularly engaged in panhandling, counsel for Plaintiff reached out to the City in fall 2023 to raise their concerns about the constitutionality of enforcement of Ordinance § 371.10. Settlement discussions at that time were not successful. Consequently, this case was filed on April 22, 2024, by Mr. Anthony Rowand on behalf of himself and others similarly situated. Dkt. No. 1. This Complaint sought "declaratory and injunctive relief

1

against the City of Morgantown, West Virginia (the "City"), in response to the City's adoption and ongoing enforcement of … Morgantown City Ordinance Section § 371.10." *Id*. at 1. This ordinance "prohibits persons from using the spoken, written, or printed word, bodily gestures, signs or other means to solicit immediate donations of money or other things of value." *Id*. at 2. In addition to class claims for injunctive and declaratory relief under the First and Fourteenth Amendments, Plaintiff also brought an individual claim for damages under the First and Fourteenth Amendments. *See id*. at 15-16.

Shortly after the filing of the Complaint, Plaintiff's counsel and the City attorney began discussing a potential resolution. On May 3, 2024, the City retained current counsel, Pullin Fowler Flanagan Brown & Poe. On May 14, 2024, the City's waiver of service was filed. Dkt. No. 3. On May 21, 2024, City Council voted to repeal Morgantown City Ordinance Section § 371.10 in furtherance of the parties' settlement discussions.

Following repeal of the challenged ordinance, the parties continued to negotiate regarding the resolution of the remaining issues in the suit, negotiating throughout the summer. On August 19, 2024, the parties filed a joint stipulation extending the City's time to answer the Complaint. Dkt. No. 6.

Following several months of collaboration and negotiation, the parties have been able to agree on terms for a full and complete resolution of this matter, as set forth in the attached agreement and below, subject to the Court's preliminary and final approval. *See* Exhibit A. On October 10, 2024, the parties notified the Court that they had reached a tentative agreement and were collaborating on pleadings to present to the Court.

## THE PUTATIVE CLASS

The putative class is to be defined as "all persons who, at any time between **April 22, 2022, and May 21, 2024**, were subjected to enforcement of Morgantown City Ordinance Section §371.10 while panhandling on a public right of way within the jurisdiction of the City of Morgantown, West Virginia, including by being ordered to leave the area based upon the Ordinance, being issued a written or verbal warning not to engage in the activity based upon the Ordinance, being threatened with prosecution or arrest for engaging in the activity being based upon the Ordinance, or by being issued a citation for violation of the Ordinance."

## PROPOSED SETTLEMENT TERMS

A complete copy of the proposed settlement agreement is attached as Exhibit A. The following summarizes and explains the terms:

1. <u>Class certification:</u> The City will support and not oppose certification of the Plaintiff class to which this settlement will relate. The class is defined as all persons who, at any time between April 22, 2022, and May 21, 2024, were subjected to enforcement of Morgantown City Ordinance Section §371.10 while panhandling on a public right of way within the jurisdiction of the City of Morgantown, West Virginia, including by being ordered to leave the area based upon the Ordinance, being issued a written or verbal warning not to engage in the activity based upon the Ordinance, being threatened with prosecution or arrest for engaging in the activity being based upon the Ordinance, or by being issued a citation for violation of the Ordinance.

2. <u>Publication and vacation of charges by the City</u>: The City will run a Class 2 publication indicating that any person previously charged under the Ordinance will have any existing convictions vacated. The publication will indicate no action is required on the part of those convicted in order for the same to take place. Following the approval of the class

settlement, the charges and judgment for any fines or costs imposed upon any member of the class will be vacated from the court records and any reports of those convictions that may have previously been made will be retracted and/or corrected.

3. <u>Reimbursement of fines or court costs associated with the ordinance</u>: After final approval, the City will reimburse every class member who paid fines or court costs associated with a conviction under the ordinance. Reimbursement will be tendered to class counsel, who will ensure proper recovery, providing the City supplies proper identification of affected class members. At this time, the City has represented that only one class member is owed restitution for fines or costs paid under the Ordinance. The City will provide additional information and full restitution if other such individuals are discovered hereafter.

4. <u>Bar to reenactment:</u> The City concedes that it cannot enforce the terms of former City Code § 371.10 or a later-enacted ordinance with similar terms, unless the same has first been ruled lawful by a Court of competent jurisdiction.

5. <u>Notice to Morgantown City Police</u>: The City will notify the Morgantown Police Department in writing (i) that City Code § 371.10 has been repealed and is no longer enforceable; and (ii) there can be no "unofficial" enforcement of the terms of former City Code § 371.10 by directing members of the public not to solicit money from persons traveling in vehicles or by enforcing other laws for the purpose of limiting activity solely prohibited by former City Code § 371.10. A copy of this Notice will be provided Plaintiff's counsel when it is given.

6. <u>Payments</u>: The city of Morgantown will make a total payment of $35,100.00 to Mountain State Justice, Inc. within thirty days after final approval of the settlement by this Court. This payment will be distributed as follows:

    a. A payment of $10,000.00 will be provided to the named class representative, Mr. Anthony Rowand, as a settlement for his individual damages claims against the City of Morgantown and in recognition for the service, risk, and efforts he expended in order to obtain relief for all members of the class, subject to any judgment or claim of attachment or garnishment order, judgment, or lien that the State of Florida may claim against that sum for unpaid child support. The parties have learned since the settlement terms were negotiated that the State of Florida may, or may not, have an enforceable claim to all or some portion of this sum for unpaid child support. The parties acknowledge that any payment this term requires to be disbursed to Mr. Rowand by the City's insurance company is conditioned upon and subject to whether an enforceable Florida lien, order, or judgment for attachment or garnishment applies to the sum here allocated to him. It is understood that Plaintiff's counsel will investigate the status of any child support lien, order, or judgment issued by the State of Florida, and will obtain documents verifying the nature and extent of any such. Plaintiff's counsel will advise the Court and the City's counsel of the results of that investigation at least thirty days prior to the fairness hearing, with the intent that if such attachment, judgment or lien exists, the Court can address in any final order approving the proposed settlement what portion of this sum, if any, the City's insurance company is to pay to the State of Florida, and what portion of this sum, if any, is to be paid to Mr. Anthony Rowand pursuant to this sub-paragraph.

    b. A payment of $100.00 will be provided to the sole class member currently identified as having paid fines or costs under the ordinance.

    c. A payment of $25,000.00 will be provided to Mountain State Justice, Inc., in resolution of class counsel's claim for an award of reasonable attorney fees and costs in litigation this action pursuant to 42 U.S.C. § 1988. This sum consists of a percentage of the amount incurred by Plaintiffs' counsel to date, from pre-litigation negotiations with the City through extensive settlement negotiations post-filing.

7. For future claims involving individual monetary damages based on former City Ordinance § 371.10, where Mountain State Justice is acting as Plaintiff's counsel, Mountain State Justice agrees to: (i) notify the City of Morgantown at least 30 days prior to filing a lawsuit and (ii) take part in good faith negotiations with the City of Morgantown prior to the filing of a lawsuit.

The parties request that the Court issue an additional ruling as part of the order approving the settlement noting that this settlement has no impact on any claim for damages that any class member might or might not have, with the exception of Mr. Anthony Rowand, whose claims for damages are dispositively settled through the proposed settlement agreement.

## PROPOSED CLASS NOTICE

The parties have attached a proposed notice to the class as Exhibit B. This form of notice is adequate to provide the class with notice of the settlement and complies with the provisions of Federal Rule of Civil Procedure 23.

Within seven days of the Court approving this settlement and proposed notice, the City will: (1) post the notice in public areas where class members regularly access services, including but not limited to the Morgantown Public Library and the Morgantown Public Safety Building. The City will also request and—upon receipt of permission from the owner and/or operator—post the notice in public areas where class members regularly access services, including Milan Puskar

Health Right clinic and daily feeding program locations, in such a manner as to make the notice visible to all class members and in the location(s) where notices are customarily posted; (2) publish a copy of the notice as a Class 2 publication for two seven-day periods; and (3) provide, on request, a copy of the Exhibit A to this motion, this motion, and/or the motion for attorney fees.

## LEGAL ANALYSIS

1. **The Court Should Certify the Proposed Class**

First, certification in this instance is proper and necessary to ensure the protection of class members and enforcement as to future undertakings of the City. *In re. Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991) ("The primary concern addressed by Rule 23(e) is the protection of class members whose rights may not have been given adequate consideration during the settlement negotiations") (citations omitted). Certification of the proposed class ensures the rights of absent class members are protected while also providing accountability as the to the City' future undertakings vis-à-vis this class. Certification is therefore proper and necessary.

To certify a class, the Plaintiff must satisfy the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and show that the class fits within at least one of three categories of class actions listed under Rule 23(b). Fed. R. Civ. P. 23; *see also Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 654 (4th Cir.), cert. denied, 140 S. Ct. 676, 205 L. Ed. 2d 440 (2019). "Rule 23 [also] contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.' *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014). The proposed class satisfies the explicit and implicit requirements of Rule 23(a) and meets the requirements of Rule 23(b)(2) and, as such, should be certified.

As a threshold matter, the proposed class satisfies the Rule 23 ascertainability requirement. A class definition is sufficient if it is administratively feasible for the court to determine whether a particular individual is a member of the class, based on objective criteria, without extensive and individualized fact-finding. *See* Charles Alan Wright & Arthur R. Miller, 7A *Federal Practice & Procedure* § 1760 (3d ed. 2020 update) ("The proposed class definition must not depend on subjective criteria or the merits of the case or require an extensive factual inquiry to determine who is a class member."); *see also Manual for Complex Litigation, Fourth* (2004), Section 21.222, at 270 ("The definition must be precise, objective, and presently ascertainable. . . . An identifiable class exists if its members can be ascertained by reference to objective criteria. . . A class may be defined to include individuals who may not become part of the class until later.").

Plaintiff has proposed defining the class in the precise, objective manner required: **All persons who, at any time between April 22, 2022, and May 21, 2024, were subjected to enforcement of Morgantown City Ordinance Section §371.10 while panhandling on a public right of way within the jurisdiction of the City of Morgantown, West Virginia, including by being ordered to leave the area based upon the Ordinance, being issued a written or verbal warning not to engage in the activity based upon the Ordinance, being threatened with prosecution or arrest for engaging in the activity being based upon the Ordinance, or by being issued a citation for violation of the Ordinance.** This definition appropriately restricts the boundaries of the class to those who engaged in constitutionally protected speech that was prohibited under and were subjected to enforcement of Ordinance § 371.10. The class as defined includes the named Plaintiff and is appropriate for class certification.

1. **The proposed class is sufficiently numerous.**

The proposed satisfies Rule 23(a)(1)'s numerosity requirement, as it is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class or subclass with "40 or more members raises a presumption of impracticability based on numbers alone." William Rubenstein, *Newberg on Class Actions* § 3:12 (5th ed. June 2020 Update). The Fourth Circuit has made it clear that numerosity is satisfied where, as here, the proposed class comprises those who seek only declaratory and injunctive relief. *Doe v. Charleston Area Medical Center, Inc.,* 529 F.2d 638, 645 (4th Cir. 1975) ("Where the only relief sought for the class is injunctive and declaratory in nature … even speculative and conclusory representations as to the size of the class suffice as to the requirement of many") (cleaned up).

The proposed class is sufficiently numerous that joinder of all members would be impractical and infeasible. The class consists of all persons who, at any time between April 22, 2022, and May 21, 2024, were subjected to enforcement of Morgantown City Ordinance Section §371.10 while panhandling on a public right of way within the jurisdiction of the City of Morgantown, West Virginia, including by being ordered to leave the area based upon the Ordinance, being issued a written or verbal warning not to engage in the activity based upon the Ordinance, being threatened with prosecution or arrest for engaging in the activity being based upon the Ordinance, or by being issued a citation for violation of the Ordinance. This putative class is ascertainable, but membership in it fluctuated frequently as those who engaged in such protected activity at any one time changed depending on need and personal choices. While, upon information and belief, during any single week of the class period, approximately eight to 10 putative class members customarily engaged in protected speech previously prohibited by the ordinance, engagement in the protected activity lasted for varying, often relatively short and/or unpredictable periods of time.

### 2. The commonality requirement of Rule 23(a)(2) is satisfied because the claims of the class present common issues of fact and law that are capable of common resolution.

To meet the commonality requirement, there must be "questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), and class members must "have suffered the same injury," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal citation and quotation marks omitted). "To satisfy Rule 23(a)(2), plaintiffs must show their claims involve a common question or contention 'of such a nature that it is capable of class-wide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Postawko*, 910 F.3d at 1038 (quoting *Sandusky Wellness Ctr., LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016)). What matters is "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350 (citations and emphasis omitted).

Differences among class members with respect to the specific incidents of infringement of their First and Fourteenth Amendment rights that they have suffered do not undermine commonality. *See Postawko*, 910 F.3d at 1039. Furthermore, it is not necessary that all questions be common. *Ebert v. General Mills, Inc.*, 823 F.3d 472 (8th Cir. 2016) (reaffirming that "a single common question 'will do' for purposes of Rule 23(a)(2)."); *Dukes*, 564 U.S. at 359 ("We quite agree that for purposes of Rule 23(a)(2) even a single common question will do.") (internal quotation marks and alterations omitted).

Importantly, "the commonality element is more easily established in proposed class actions seeking injunctive or declaratory relief . . . . Indeed, suits for injunctive relief by their very nature present common questions of law and fact." *Scott v. Clarke*, 61 F.Supp.3d 569, 585 (W.D. Va. 2014) (quotations omitted). In civil rights cases, "commonality is satisfied where the

10

lawsuit challenges a system-wide practice or policy that affects all of the putative class members," *Armstrong*, 275 F.3d at 868, even if the challenged policy or practice will affect individual class members in different ways.

### 3. The typicality requirement of Rule 23(a)(3) is satisfied because the named Plaintiff has claims sufficiently typical of the class he seeks to represent.

To meet the typicality requirement, the claims of the named plaintiff must be "typical of the claims or defenses of the class." Rule 23(a)(3). The typicality requirement is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Armstrong*, 275 F.3d at 868 (citations omitted). The injuries do not have to be identical but must be similar and arise from the same course of conduct. *Id.*; *Rodriguez*, 591 F.3d at 1124. In a "suit for prospective injunctive and declaratory relief, the potential for minor factual variations does not undermine the . . . conclusion that the violation allegedly suffered by the Named Plaintiffs is typical of that suffered by the class as a whole." *Postawko*, 910 F.3d at 1039 (internal quotations omitted

The claims of the named Plaintiff meet the typicality requirement, as he has suffered the same injuries as the absent class members who he seeks to represent, and those injuries have been caused by the same City ordinance that harmed the class as a whole. The Plaintiff received multiple citations under the challenged Ordinance. The named Plaintiff and the putative class members share a common injury of having their First and Fourteenth Amendment rights injured by the City's ordinance. The named Plaintiff's claims are therefore typical because he was exposed to the same risks of harm as the class he seeks to represent. *See, e.g.*, *Hopper v. Jay-Bee Oil & Gas*, 2023 U.S. Dist. LEXIS 94829, *17 (N.D.W. Va. April 4, 2023) ("A sufficient nexus is established to show typicality if the claims or defenses

of the class and class representative arise from the same event or pattern or practice and are based on the same legal theory") (citations omitted); *Reed v. Alecto Healthcare Servs., LLC*, 2022 U.S. Dist. LEXIS 164437, *14-15 (N.D.W. Va. July 27, 2022) ("So long as the plaintiffs and the class have an interest in prevailing in similar legal claims, then the typicality requirement is satisfied") (citing *Burford v. H.R. Block*, 168 F.R.D. 340, 351 (S.D. Ga. July 10, 1996).

### 4. The proposed class representative and class counsel will fairly and adequately represent the interest of the class and subclass.

#### a. Proposed class representative

Federal Rule of Civil Procedure 23(a)(4) requires that representative parties "fairly and adequately protect the interests of the class." The first component of the adequacy inquiry "goes to the heart of a representative parties' ability to represent a class." *Deiter*, 436 F.3d at 466. "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)); *see also*, *In re Serzone*, 231 F.R.D. at 238-9 (citing *Barnett v. W. T. Grant Co.*, 518 F.2d 543, 546 (4th Cir. 1975)).

The requirement in Rule 23(a)(4) looks to whether any real and material conflicts of interest exist between the named parties and the class they seek to represent. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157-58, n. 13 (1982)). As the Fourth Circuit has noted:

> For a conflict of interest to defeat the adequacy requirement, "that conflict must be fundamental." A conflict is not fundamental when, as here, all class members "share common objectives and the same factual and legal positions [and] have the same interest in establishing the liability of [defendants]." Moreover, a conflict will not defeat the adequacy requirement if it is "merely speculative or

hypothetical."

*Ward*, 595 F.3d at 180 (citing *Gunnells*, 348 F.3d at 430-431).

The named Plaintiff will fairly and adequately represent and advance the interests of the class. Mr. Rowand is a member of the class as defined, shares the same type of legal injury with absent members, and has advanced the same legal and remedial theories of relief that are advanced for the class as a whole. As a result, the named Plaintiff has the same strong interest in vindicating the rights of all who have been similarly harmed by the City's ordinance. Advancing his own individual legal claims will also advance and prove the claims and rights of the class as a whole.

There is no conflict between the interests of the named Plaintiff and absent class members. Mr. Rowand shares the same crucial interest in being able to exercise their rights as guaranteed by the First and Fourteenth Amendments. Moreover, the named Plaintiff seeks injunctive and declaratory relief that will benefit the class generally. As a result, the named Plaintiffs meets the adequacy standard of Rule 23(a)(4).

### b. Plaintiff's counsel meet the requirements of Rule 23(g) and should be appointed class counsel.

Counsel for the named Plaintiff request to be appointed counsel for the class, pursuant to Federal Rule of Civil Procedure 23(g). That Rule provides in pertinent part:

(1) Appointing Class Counsel. Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:

(A) must consider:

  i. the work counsel has done in identifying or investigating potential claims in the action;
  ii. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
  iii. counsel's knowledge of the applicable law; and
  iv. the resources that counsel will commit to representing the class;

13

> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . .
>
> (2) Standard for Appointing Class Counsel. When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4) . . . .
>
> (4) Duty of Class Counsel. Class counsel must fairly and adequately represent the interests of the class.

Fed. R. Civ. P. 23(g). Class counsel are fiduciaries to the absent class members. *See Rodriguez v. W. Pub. Co.*, 563 F.3d 948, 968 (9th Cir. 2009); *see also Sondel v. NW Airlines, Inc.*, 56 F.3d 934, 938 (8th Cir. 1995). The duty of adequate representation requires counsel to represent the class competently, vigorously, and without conflicts of interest with the class. *See Amchem Prods.*, 521 U.S. at 626 n. 20. The interests of the absent class members in the vigorous and skilled prosecution of their claims must be protected by counsel adequate to that task. *See Woodard v. Online Info. Servs.*, 191 F.R.D. 502, 506 (E.D.N.C. 2000) (citing *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 183 (4th Cir. 1993)). The name plaintiff's counsel must be "qualified, experienced and generally able to conduct the litigation." *In re Serzone,* 231 F.R.D. at 238.

The named plaintiff is represented by Lesley M. Nash, Gary M. Smith, and the law firm of Mountain State Justice, Inc., a non-profit, public interest legal services firm with an institutional mission to advocate for the interests of vulnerable West Virginians, regardless of their ability to pay. The organization has a long history of and substantial expertise in class litigation on behalf of low-income West Virginians. *See, e.g., Cyrus ex rel. McSweeney*, 233 F.R.D. 467 (certified class action suit brought by Mountain State Justice to challenge DHHR policy changes in operation of what is now known as the I/DD waiver program); *Michael T., et al. v. Bowling*, 2:15cv9655 (S.D.W. Va., September 30, 2016) (certified class action suit brought by Mountain State Justice to challenge DHHR policies relating to the calculation of benefits for those on the I/DD waiver

program, raising ADA claims); *Baxley et al. v. Jividen*, 3:18cv1526 (S.D.W. Va. December 21, 2020) (certified class action suit brought by Mountain State Justice to challenge the constitutionality of medical care for individuals incarcerated in West Virginia Division of Corrections & Rehabilitation regional jails). Mountain State Justice has extensive experience in federal court litigation to enforce the requirements of law and the Constitution, and skill in the vigorous prosecution and management of class action litigation.

Counsel have demonstrated they are "qualified, experienced and generally able to conduct the litigation." *In re Serzone,* 231 F.R.D. at 238. Based on this showing, and the reasons stated above, counsel request this Court appoint them as class counsel pursuant to Federal Rule of Civil Procedure 23(g).

2.  **The Court Should Preliminarily Approve the Stipulated Settlement**

Approval of a class action settlement is within the district court's sound discretion. *Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015). Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure:

> The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for the purposes of judgment on the proposal.

Fed. R. Civ. P. 23(e)(1). Here, the parties have moved for class certification. Rule 23(e)(2) provides procedural protections for class members "[i]f the proposal would bind class members." In such an instance, the court must conduct a hearing and may only approve the settlement "on finding that it is fair, reasonable, and adequate." *Id.* The Rule goes on to list several factors to consider. *Id.*

Accordingly, at the preliminary approval stage, the Court first considers whether the agreement is likely to satisfy the standards of Rule 23(e)(2), and if so, directs notice to class

members. Fed. R. Civ. P. 23(e)(1). Thereafter, at a fairness hearing, the Court will consider final approval of the settlement, in light of any objections received from class members. Fed. R. Civ. P. 23(e)(2), (e)(5). "[A]t the at the preliminary approval stage, the Court need only find that the settlement is within 'the range of possible approval.'" *Commissioners of Pub. Works of City of Charleston v. Costco Wholesale Corp.*, 340 F.R.D. 242, 249 (D.S.C. 2021) (citing cases).

Here, preliminary approval is appropriate because each of the Rule 23(e)(2) factors has been met: (1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided is adequate; and (4) the proposal treats class members equitably relative to one another. As to the factors listed for adequacy: Plaintiff understands that, now that the City has repealed the Panhandling Ordinance, he is faced with the argument that any class claim in the case is moot because the ordinance is no longer in effect, leaving only Plaintiff's individual damages claims. Furthermore, if the case went to trial, both parties were prepared to appeal the final verdict, if appropriate. By reaching the settlement, Plaintiff was able to obtain an enforceable agreement that the City will cease any official or unofficial enforcement of the now-repealed Ordinance; that Defendant will return any fees or court costs paid under the now-repealed Ordinance; that the City will not adopt any new ordinance prohibiting this conduct unless there is an intervening change in the law; and that notice will be given to the City of Morgantown police department regarding the change in the law. that the contractual terms of the new contract would continue to be followed, that Defendant would conduct meaningful ongoing auditing and contract compliance activities, that Plaintiffs would have access to the information necessary to ensure that these agreements were being followed, and that the Court will retain limited jurisdiction to enforce the agreement if necessary. Rather than risk losing the matter on mootness grounds or potentially spending years in litigation awaiting

relief for absent class members, the settlement provides meaningful relief immediately to protect the rights of class members. The award of attorney fees is also appropriate and reflects a portion of the fees and costs incurred to date, as set forth in the motion for attorney fees. *See* Fed. R. Civ. P. 23(e)(2).

Similarly, the factors used by the Fourth Circuit in relation to approving class settlements are met.[1] *See Commissioners of Pub. Works of City of Charleston v. Costco Wholesale Corp.*, 340 F.R.D. 242, 249 (D.S.C. 2021). At the time of settlement, though the case was in early stages, counsel for the parties had spent approximately six months negotiating for a fair resolution. Plaintiff's counsel has significant class action and civil rights litigation experience, which enables them to consider the risks and benefits of settlement realistically and advocate appropriately for the class. *See id.* (citing *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991).)

In short, given the relief achieved and the risks and costs involved in further litigation, the proposed settlement represents fundamentally "fair, reasonable and adequate" resolution of the disputed issues and should be preliminarily approved. *See* Fed. R. Civ. Pro. 23(e)(2).

3. **The Court Should Approve the Class Notice.**

As set forth above, to the extent that Rule 23(e) requires notice to the class in this matter before the Court grants final approval to any compromise of the case, the parties have agreed to the form and content of a notice to the class, which is attached hereto as Exhibit B, and which provides reasonable and understandable notice of the terms of the settlement. The means of disseminating the notice will allow an adequate opportunity for the class to review and comment

---

[1] The commentary to the 2018 amendments to the Rule 23(e)(2) of the Federal Rules of Civil Procedure states that the amendment was intended to consolidate the various factors established by the circuit courts. However, the Fourth Circuit has not yet addressed these factors in relation to certification of a Rule 23(b)(2) class.

on the settlement or seek further information. The parties respectfully request that the Court approve the notice and order its dissemination to the class members.

### 4. The Court Should Approve the Proposed Schedule Below.

The parties propose the following general schedule to provide for notice, comment, and final approval of the settlement.

First, the parties propose to post the notice within seven days from the date on which a preliminary approval order and order approving the notice issues. Second, the parties request a four-week period following publishing of the notice, during which class members may file comments and objections. Third, the parties request two weeks from the end of the comment period for the parties to respond to any objections. Fourth, the parties request that the fairness hearing be set within two weeks after the deadline for responding to objections, at a date that is convenient to the Court and counsel of record.

## CONCLUSION

For the reasons discussed above, Plaintiffs and Defendant request that the Court certify the proposed class, issue preliminary approval of the settlement (Ex. A), approve the form of the proposed notice (Ex. B) and order its publication to the class, and issue the proposed scheduling order. The parties further request final approval of the settlement, the motion for attorney fees, and entry of the additional findings herein following the fairness hearing.

**Respectfully submitted,**

*/s/ Keith C. Gamble*
Keith C. Gamble (WVSB#7971)
Pullin Fowler Flanagan Brown & Poe
2414 Cranberry Sq
Morgantown, WV 26508
304-225-2200

kgamble@pffwv.com
*Counsel for Defendant*


*/s/ Lesley M. Nash*
Lesley M. Nash (WVSB #14158)
Gary M. Smith (WVSB #12602)
Mountain State Justice, Inc.
1029 University Avenue, Ste. 101
Morgantown, WV 26505
Phone: (304) 326-0188
lesley@msjlaw.org
gary@msjlaw.org
*Counsel for Plaintiff*