IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY ROWAND,
personally and on behalf
of all others similarly situated,

    Plaintiff,

  v.                                                               CIVIL NO. 1:24-CV-41
                                                                                (KLEEH)

CITY OF MORGANTOWN,
WEST VIRGINIA,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. 14]**

    Pending before the Court is the parties' Joint Motion for Final Approval of Class Action Settlement [ECF No. 14]. The Court previously entered the parties' proposed Order Preliminarily Approving Settlement and Directing Notice to Class [ECF No. 13] and convened for a hearing on the present motion on October 9, 2025. The motion is ripe for decision.

### I.   BACKGROUND

    Plaintiff filed suit against the City of Morgantown over the City's decision to enforce a long-standing ordinance prohibiting panhandling. Specifically, he alleges that Morgantown City Ordinance § 371.10 violates his Constitutional rights under the First and Fourteenth Amendments. ECF No. 1. The claim is brought under 42 U.S.C. § 1983. Id. The challenged ordinance "prohibits

persons from using the spoken, written, or printed word, bodily gestures, signs or other means to solicit immediate donations of money or other things of value." Id. Plaintiff seeks monetary damages, declaratory relief, and injunctive relief for himself and the putative class members.

Without significant litigation, the parties negotiated a settlement of Plaintiff's and the putative class's claims.[1] The Settlement Agreement [ECF No. 12-1] outlines the parties' agreement. The City would pay a total of $35,100 as follows: $10,000 to Plaintiff Rowland,[2] $25,000 to Mountain State Justice, Inc., and $100 to the only class member who actually paid the fine and/or costs associated with his or her citation. The City agreed to vacate any convictions under the ordinance without requiring any action by any class member. Moreover, the City agreed to reimburse every class member who paid fines or court costs for any conviction under the ordinance. The parties propose such payments be made to class counsel who will disperse proceeds "provided the City supplies proper identification of affected persons." ECF No.

---

[1] Counsel advised during the October 9, 2025, hearing that settlement discussions were underway before Plaintiff filed his Complaint.
[2] Half of Plaintiff's recovery - $5,000 – would be paid directly to the Florida Department of Revenue Child Support Program toward his delinquent child support.

14 at 3. The settlement agreement is silent on how any such funds that cannot be disbursed to claimants will be handled.

## II.  DISCUSSION

"The claims, issues, or defenses of a certified class — or a class proposed to be certified for purposes of settlement — may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). "The court's ultimate role in overseeing class action settlements is to ensure that any settlement proposed by the parties is 'fair, reasonable, and adequate.'" Good v. W. Va.-Am. Water Co., No. CV 14-1374, 2017 WL 2884535, at *9 (S.D.W. Va. July 6, 2017) (Copenhaver, J.). Court approval of a proposed class action settlement proceeds in two stages. See Rapuano v. Trs. of Dartmouth Coll., 334 F.R.D. 637, 642 (D.N.H. Jan. 29, 2020); see also 4 William B. Rubenstein, Newberg on Class Actions § 13.10 (5th ed. 2019). At the first stage, the court must determine whether it "will likely be able to" both (1) certify the class for settlement purposes and (2) find that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)(B). Certification, moreover, is equally as important in the settlement context as in the litigation context. Good, 2017 WL 2884535, at 10 (citation omitted); see also Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003) (noting that when parties reach a settlement agreement prior to

class certification, the Court has an obligation to "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement").

The parties' Joint Motion glosses over a critical first step of the analysis – whether class certification is appropriate in this particular case. For the reasons discussed herein, the Court finds it is not and, therefore, **DENIES** the motion.

Rule 23(a) requires a district court to make the following determinations before a class can be considered for certification:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "A party seeking class certification must affirmatively demonstrate [] compliance with the Rule," Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011), and must do so with "evidentiary proof." Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013). In other words, the burden of establishing class status is on the Plaintiffs. See Int'l Woodworkers of Am., AFL—CIO, CLC

v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1267 (4th Cir. 1981).

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticable does not mean impossible." Hewlett v. Premier Salons Int'l, Inc., 185 F.R.D. 211, 215 (D. Md. 1997) (citation omitted). "Practicability of joinder depends on factors such as the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." Id.

No specific number is needed. See In re Under Armor Securities Litigation, 631 F. Supp.3d 285, 300 (Md. 2022) (citation omitted). A plaintiff is not required to identify the specific number of class members. An unsubstantiated allegation as to numerosity, however, is insufficient to satisfy Rule 23(a)(1). See Buford v. H&R Block, Inc., 168 F.R.D. 340, 348 (S.D. Ga. 1996) (citation omitted). "Though '[n]o specified number is needed to maintain a class action,' Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) '[a]s a general guideline, . . . a class that encompasses fewer than 20 members will likely not be certified . . . while a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone,' 1 Newberg on Class Actions § 3:12 (5th

ed. 2021)." In re Zetia (Ezetimibe) Antitrust Litig., 7 F.4th 227, 234 (4th Cir. 2021). For the "gray area" cases between 20 and 40 members, "all the circumstances of the case should be taken into consideration" in evaluating the impracticability of joinder. Id. (citing Ballard v. Shield of S.W. Va., Inc., 543 F.2d 1075, 1080 (4th Cir. 1976)).

The record that the parties established before the Court clearly shows that the proposed class falls well short of the typical bright line threshold. At hearing, counsel agreed that the total class population was less than 20 – likely 15 total persons. The parties confirmed this number at the Court's request. ECF No. 18. Thus, as precedent dictates, joinder does not appear to be impracticable and the class will "not likely be certified." In re Zetia (Ezetimibe) Antitrust Litig., 7 F.4th at 234 (noting that a class of 40 or more members raises a "presumption" of impracticability). Nonetheless, in order to provide the necessary "rigorous analysis" enabling thorough appellate review, if necessary, the Court will go beyond the raw numbers assessment. See General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 161 (1982); In re Zetia, 7 F. 4th at 236.

Although it does not appear that the Fourth Circuit has formally adopted the Third Circuit's "non-exhaustive list of factors" for the numerosity analysis, it did tacitly approve of

those factors in In re Zetia.  See In re Zetia, 7 F.4th at 234 (citing In re Modafinil Antitrust Litig., 837 F.3d 238, 253 (3d Cir. 2016)).  Thus, the Court considers those here.  The factors include "judicial economy, the claimants' ability and motivation to litigate as joined plaintiffs, the financial resources of class members, [and] the geographic dispersion of class members."  Id. The Third Circuit also noted the relevance as to whether the claims sought injunctive relief or damages.  See In re Modafinil Antitrust Litig., 837 F.3d at 253.

Considering judicial economy, a 15-plaintiff civil case is hardly an impossible lift, particularly here, where there are no complex questions of liability or damages (as there are no specific damages beyond the citation, court costs, and statutory damages). This Court routinely handles criminal cases with a larger number of criminal defendants and has likewise efficiently managed civil cases with 10-plus plaintiffs or defendants without the need to certify the matters as class actions.  Of course, as the Fourth Circuit has noted, the impracticability of joinder – not the number of trials or lawsuits – is the focus here.  See In re Zetia (Ezetimibe) Antitrust Litig., 7 F.4th at 235.  The Court simply cannot conclude that joinder of 15 plaintiffs is impracticable. The identity of each class member is known to the parties and counsel, despite claims to the contrary in the parties' preliminary

motion. The raw number of potential litigants is small – well below the presumed threshold recognized in circuit courts around the country, including the Fourth. This factor counsels strongly against class certification.

Turning to the claimants' ability and motivation to litigate as joined plaintiffs, the record is devoid of any evidence upon which the Court can rely to make a definitive decision on this factor either way. The parties' submissions to the Court urging class certification and settlement approval do not address any of the Rule 23 certification factors. Instead, the parties dedicate their entire effort to the settlement approval analysis. The Court cannot fill in evidentiary gaps solely because the parties jointly move the Court to do so. They, therefore, have failed to meet their burden. See General Telephone Co. of Southwest v. Falcon, 457 U.S. at 161.

The financial resources of class members factor cannot clearly be discerned as to whether certification is appropriate. "This primarily involves an examination of the stakes at issue for the individual claims and the complexity of the litigation, which will typically correlate with the costs of pursuing these claims." In re Modafinil Antitrust Litig., 837 F.3d at 257. However, that examination here would be made more on assumption and speculation than record evidence. As discussed at the October 9 hearing,

counsel observed that most class members were without permanent housing. The class notice provisions from the Court's Preliminary Order sought to account for this in the locations of notice postings. Most of the purported class members neglected to pay the nominal citation and court costs. The Court could, therefore, assume that the class members' financial resources are lacking.

The other aspects of this factor, as expounded upon by the Third Circuit, weigh against certification. Although framed as a deprivation of constitutional rights claim, the issues at stake in this case are not complex. The parties have effectively agreed on every aspect, even undertaking settlement discussions before Plaintiff filed suit. Defendant agreed not to enforce the challenged ordinance and has repealed it. Even so, assuming <u>arguendo</u> that this factor supports certification, it alone is insufficient to outweigh the other considerations to require certification. Moreover, the parties have failed to satisfy their evidentiary burden here as well. <u>See</u> <u>id.</u>

Lastly,[3] the geographic dispersion of the class does not assist the parties in their joint motion. Like the ability and

---

[3] The final factor – the relief sought – was not expressly adopted or discussed <u>In re Zetia</u>. Regardless, it is an appropriate consideration here as the Court finds the Third Circuit's analysis persuasive. It simply does not alter the analysis in a material way as Plaintiff seeks both injunctive relief and damages — also contrary to the parties' contention in their preliminary motion.

**MEMORANDUM OPINION AND ORDER DENYING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [ECF NO. 14]**

motivation factor, the record is devoid of relevant evidence. Counsel report that most, if not all, of the class members live a nomadic or transient lifestyle. Again, this is very likely true. However, there is no indication whether any of the class members continue to reside in the greater Morgantown area or even the Northern District. Nor do the parties point the Court to any evidence that the individuals are scattered about such that class certification would be an efficient and fair mechanism to resolve any alleged claims. Again, the parties have set forth no "evidentiary proof" upon which the Court can rely. Comcast Corp. v. Behrend, 569 U.S. at 33. The Court, therefore, cannot find this factor favors certification either.

This case is far from "general knowledge and common sense indicat[ing] the class is so large that joinder of all members is impracticable." In re Under Armor Securities Litigation, 631 F. Supp.3d at 300 (citation omitted). Quite the opposite, actually. The potential class is but 15 members. Each is identifiable and known to the parties. The factors the Court can properly assess with the record before it do not weigh in favor of certification. The factors that could tilt toward certification are not properly addressed or supported with the required evidentiary proof. Therefore, the Court cannot conclude that class certification is

appropriate and cannot consider the other aspects of the parties' proposed settlement agreement under Rule 23.

With class certification improper here, the Court does not reach the second step of the analysis as to whether the settlement agreement is fair, reasonable, and adequate under Rule 23.

### III. CONCLUSION

For the foregoing reasons, the parties' Joint Motion is **DENIED**. The parties **SHALL** meet and confer within twenty-one (21) days of entry of this order and submit a proposed schedule to govern the case going forward, if one is necessary, within twenty-eight (28) days of entry of this order.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: December 17, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA